# Third District Court of Appeal

## State of Florida

Opinion filed August 7, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1476
Lower Tribunal No. 17-7669
_____

**Viktoria Benkovitch,**
Appellant,

vs.

**U.S. Bank National Association, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Viktoria Benkovitch, in proper person.

Troutman Pepper Hamilton Sanders LLP, and Dorrella L. Gallaway (Atlanta, GA), for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

PER CURIAM.

Appellant, Viktoria Benkovitch, appeals the trial court's order, which denied her (1) motion seeking to vacate and set aside the consent final judgment of foreclosure; (2) objection to foreclosure sale; (3) motion to vacate and set aside the foreclosure sale and certificate of sale; (4) motion for involuntary dismissal of the foreclosure complaint for failure to join an indispensable party; and (5) request for an evidentiary hearing.

Following our review of the briefs and the record on appeal, we find no abuse of discretion or error by the trial court and affirm. See S. Palm Beach Inv. v. Ragatta Trading, Ltd., 789 So. 2d 396 (Fla. 4th DCA 2001) (holding former owners of property not proper parties to foreclosure suit where they had transferred their rights and interest in the property to a third party and plaintiff was seeking only to foreclose the mortgage, not a deficiency judgment); Mitchell v. Fed. Nat'l Mortg. Ass'n, 763 So. 2d 358, 359 (Fla. 4th DCA 358) (reiterating that mortgagor who has conveyed his interest in property to another prior to foreclosure filing is "neither necessary nor proper part[y] to a suit to foreclose unless a deficiency decree is sought.") (citation omitted). See also Venezia v. Wells Fargo Bank, N.A., 306 So. 3d 1096, 1097 (Fla. 3d DCA 2020) ("[T]he law is well-established that an objection to a foreclosure sale must be directed toward conduct that occurred at, or was directly related to, the foreclosure sale.")